# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT
## Nos. 22-2628, et al.

| | |
|---|---|
| GLENN BURTON, JR. et al., *Plaintiffs-Appellants*, <br><br> Nos. 22-2628, 22-2629, 22-2630, 22-2631, 22-2632, 22-2633, 22-2634, 22-2635, 22-2636, and 22-2637 <br><br> v. <br><br> AMERICAN CYANAMID COMPANY, ET AL., *Defendants-Appellees* | On Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 2:07-cv-00303-LA <br> No. 2:07-cv-00441-LA <br> No. 2:07-cv-00864-LA <br> No. 2:11-cv-00055-LA <br> No. 2:11-cv-00425-LA <br> No. 2:14-cv-01423-LA |

## UNOPPOSED MOTION FOR ADDITIONAL WORDS FOR PLAINTIFFS-APPELLANTS' OPENING BRIEF

Plaintiffs-Appellants[1] seek leave to file a consolidated brief[2] exceeding the 14,000-word limit allowed by Circuit Rule of the United States Court of Appeal for the Seventh Circuit ("Seventh Circuit") ("Circuit Rule") 32(c). Plaintiffs-Appellants move that complexities at the heart of this appeal provide cause to allow them to file a brief of up to 18,000 words. They have

---

[1] The Plaintiff Appellants filed five separate Notices of Appeal in the District Court on September 15, 2022. (Doc. Nos. 1895 [Burton]; 510 [Gibson/Valoe]; 1165 [Wave 2]; 1166 [Thompson/Davis]; 1167 [ non-wave 2 Allen and Trammell plaintiffs]. The Plaintiffs-Appellants are designated in full therein. Plaintiffs Glenn Burton, Jr., Cesar Sifuentes, and Ravon Owens subsequently filed voluntary withdrawals of their cases. (Doc. No. 58) The defendants in these cases are The Sherwin-Williams Company ("Sherwin-Williams"), Armstrong Containers, Inc. ("Armstrong"), E. I. DuPont de Nemours and Co. ("DuPont"), American Cyanamid Company ("American Cyanamid"), and Atlantic Richfield Co. ("ARCO").

[2] This Court ordered that the opening briefs planned by Plaintiffs-Appellants be consolidated for briefing and argument. *See* Doc. 2.

conferred with the Defendants-Appellees who will not oppose the motion. In support, Plaintiffs-Appellants now bring the following:

## I. Brief Statement of Facts

These appeals follow years of litigation in the District Court for the Eastern District of Wisconsin ("District Court") in eight separate actions brought by more than 150 individual plaintiffs alleging childhood injuries as a result of their ingestion of lead paint allegedly manufactured by one or more of the defendants. Jury trials were held on the risk contribution claims of Plaintiffs Glenn Burton, Jr., Cesar Sifuentes, and Ravon Owens, resulting in verdicts in their favor.[3] In a previous appeal, this Court reversed and remanded those plaintiff verdicts. S*ee Burton, et al. Plaintiffs-Appellants v. E. I. DuPont de Nemours and Co. et al. Defendants-Appellees*, 994 F.3d 791,831-32 (Seventh Cir., 2021).

Following remand of the first three cases, the Defendants-Appellees filed motions for summary judgment seeking to have the remaining Plaintiffs-Appellants' claims dismissed, invoking various preclusion doctrines. *See Burton et al. v. American Cyanamid et al.*, Case No. 07-C-0303 et al., 2022 WL 623895 at *1, (E.D., March 2, 2022) (hereinafter "2022 Summary Judgment Order.") In granting that motion, the District Court subdivided the 150+ Plaintiffs-Appellants into three distinct groups: (1) the four whose cases were next scheduled to proceed to trial ("Wave 2 Plaintiffs")—and which had been subject to an earlier summary judgment ruling prior to this Court's *Burton* ruling, (2) the other 143 plaintiffs who were named on either of the two complaints from which the Wave 2 Plaintiffs were drawn (referred to by the District Court as the *Allen* or *Trammell* Plaintiffs), and (3) a group of the remaining plaintiffs who had filed

---

[3] These are the Plaintiffs who have voluntarily withdrawn their appeals. *See* n. 1.

their own separate complaints (whom the District Court referred to as the *Gibson* and *Valoe* Plaintiffs).

The District Court disposed of the Plaintiffs-Appellants' cases for reasons distinct to each group, *see* 2022 Summary Judgment Order, 2022 WL 623895 at *6-*14, and subsequently denied Plaintiffs' motion for reconsideration for the same reasons. *See Burton et al. v. American Cyanamid Co. et al.*, No. 07-cv-0303 et al., 2022 WL 3368101 at *5-*11 (E.D. Wi., August 16, 2022) (Referenced herein as "2022 Reconsideration Order"). Specifically, the District Court ruled that the Wave 2 Plaintiffs were bound by their failure to contest a prior factual determination during the earlier summary judgment proceedings, *see* 2022 Summary Judgment Order, 2022 WL 623895 at *6-*7, the other *Allen* and *Trammell* plaintiffs were bound by that ruling as law of the case— even though they had not been participants in the prior summary judgment, *id.* at *8-*10, and the *Gibson* and *Valoe* plaintiffs were bound by that ruling pursuant to the doctrine of issue preclusion, even though they weren't parties to those cases.[4] *Id*. at *10-*14. As a result, the errors made by the District Court also differ based on the group of Plaintiffs-Appellants in question. Both orders are now before this Court on appeal.

**II. Legal Standard**

Circuit Rule 32(3) allows 14,000 words for an opening brief on appeal. *See* Cir. Rule 32(3). Parties must seek leave to file briefs exceeding the word limit. *See Fleming v. County of Kane, State of Ill.*, 855 F. 2d 496, 498 (7th Cir. 1988) (holding that parties must seek leave to file motions for additional words in advance of the filing deadline for the brief in question.). Parties

---

[4] The District Court also rendered substantive rulings on Wisconsin products liability law that Plaintiffs-Appellants challenge on this appeal.

seeking to file oversized briefs "must demonstrate the complexity of issues on appeal that justify the request and should request a specific number of [words]."[5] *Id.* at 498.

### III.  Legal Argument

This Court has granted motions for additional words when there are "lengthy trials, complex administrative records, or multiple complex issues." *See e.g. Vermillion v. Corizon Health, Inc.*, 906 F. 3d 696, 696-697 (7th Cir. 2018). Plaintiffs-Appellants respectfully submit that this Court, in the exercise of its discretion, should grant them leave for 4,000 extra words--- for a total of 18,000--- because of complexity in the pending appeal.

This appeal is complex because, following this Court's *sua sponte* consolidation of Plaintiffs-Appellants' multiple filed appeals, Plaintiffs-Appellants must now address separate errors regarding each of the Court's group-specific rationales for extinguishing their claims in the 2022 Summary Judgment Order and in the 2022 Reconsideration Order. In other words, each subgroup of Plaintiffs-Appellants' arguments on appeal must differ, by necessity, because the District Court ruled to dismiss their claims for unique, group-specific reasons. *See* 2022 Reconsideration Order at *3 ("For each category of plaintiffs, my basis for entering judgment for the defendants varied."). In effect, Plaintiffs-Appellants must brief three separate—and distinct— appeals in a single, consolidated brief. The normal 14,000-word limit will not be sufficient to fully address all of the issues raised by the District Court's multiple rulings.

Plaintiffs-Appellants previously moved to "de-consolidate" these appeals, so that they could file a separate brief in each case specific to the issues raised therein. (Doc. 41) In their response to that motion, Defendants-Appellees expressly stated: "Defendants would consent to

---

[5] *Fleming* was decided under a previous version of Rule 32 which gave page rather than word limits for appellate briefs.

increasing the word limit for the opening brief by 5,000 words." (See Doc. 52 at 3) This is essentially the relief that Plaintiffs-Appellants now seek. [6] For these reasons, the requisite cause exists to allow Plaintiffs-Appellants to file an opening brief of up to 18,000 words.

## IV. Conclusion

For the foregoing reasons, Plaintiffs-Appellants request that they be granted leave to file a consolidated opening brief of up to 18,000 words. The Defendants-Appellees do not oppose the motion.

Dated this 29th Day of November, 2022.

Respectfully submitted,

/s/ *Fidelma Fitzpatrick*
Fidelma Fitzpatrick (*Counsel of Record*)
MOTLEY RICE LLC
55 Cedar St., Ste. 100
Providence, RI 02903
Phone: (401) 457-7728
Fax: (401) 457-7708
ffitzpatrick@motleyrice.com

Edward A. Wallace, Esq.
Mark R. Miller, Esq.
WALLACE MILLER LLP
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
Telephone: (312) 261-6193
eaw@wallacemiller.com
mrm@wallacemiller.com

Victor C. Harding, Esq.
WARSHAFSKY, ROTTER, TARNOFF & BLOCH

---

[6] Plaintiffs-Appellants now seek only 18,000 words. Based on their progress to date in drafting their brief, and in light of Plaintiffs Burton, Owens, and Sifuentes' voluntary withdrawal of their appeal, Plaintiffs-Appellants believe that they can address all relevant issues within those limits.

839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-4970
vich@warshafsky.com


Peter G. Earle, Esq.
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-1076
peterearle1950@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 29, 2022, I electronically filed this Unopposed Motion for Additional Words for Plaintiffs-Appellants' Opening Brief through the CM/ECF system, which Will send notifications of this filing to counsel of record for all other parties who are registered CM/ECF users.

*/s/ Fidelma Fitzpatrick*
Fidelma Fitzpatrick
