Nos. 22-2636(L), 22-2630, 22-2632, 22-2633,
22-2634, 22-2635, 22-2637

# In the United States Court of Appeals
## for the Seventh Circuit

---

LATONYA CANNON, *et al.*,
*Plaintiffs-Appellants*

v.

ARMSTRONG CONTAINERS INC., *et al.*,
*Defendants-Appellees*

**On Appeals from the United States District Court
for the Eastern District of Wisconsin
Case Nos. 2:07-cv-00864, 2:11-cv-00055, 2:11-cv-00425, 2:14-cv-01423
The Honorable Lynn Adelman, Judge Presiding**

---

**APPLICATION FOR A STAY OF MANDATE PENDING PETITION FOR
WRIT OF CERTIORARI**

---

FIDELMA L. FITZPATRICK
*Counsel of Record*
MOTLEY RICE LLC
40 Westminster St. 5th Floor
Providence, RI 02903
(401) 457-7728
ffitzpatrick@motleyrice.com

PETER G. EARLE
LAW OFFICE OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
(414) 276-1076
peterearle1950@gmail.com

LOUIS M. BOGRAD
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 386-9623
lbograd@motleyrice.com

MARK R. MILLER
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
(312) 261-6193
mrm@wallacemiller.com

*Counsel for Plaintiffs-Appellants*

1

Under Federal Rule of Appellate Procedure 41(d)(1), over 150 Plaintiffs-Appellants respectfully request that this Court stay the issuance of its mandate pending final disposition of Plaintiffs-Appellants' forthcoming petition for a writ of certiorari ("petition"). *See* Fed. R. App. P. 41(d)(2)(ii). The mandate is presently set to issue on March 1, 2024. Plaintiffs-Appellants further request that, should this application be denied, the Court stay the issuance of the mandate for a reasonable period to permit Plaintiffs-Appellants to seek a stay from the United States Supreme Court.

## **ARGUMENT**

A stay of a mandate pending the filing of a petition for a writ of certiorari is proper if the petition "will present a substantial question and that there is a good cause for a stay." *Books v. City of Elkhart*, 239 F.3d 826, 827 (7th Cir. 2001) (Ripple, J., in chambers) (citing Fed. R. App. P. 41(d)(2)(A)).

### I. **Plaintiffs-Appellants' Forthcoming Petition Will Present a Substantial Question of Law Warranting a Stay.**

In the present case, the Court concluded that nearly 150 Plaintiffs-Appellants (referred to as "Group 3" in the appeal), who were each

poisoned by white lead carbonate ("WLC") as children, were precluded from litigating their claims under the law of the case doctrine because they were included on the same complaint as a prior group of plaintiffs ("Wave 2") whose strategic decisions unique to their individual cases resulted in their dismissal at summary judgment. *Cannon v. Armstrong Containers Inc.*, 22-2630, 2024 WL 508812, at *10 (7th Cir. Feb. 9, 2024). That holding, and the resulting preclusion of nearly 150 plaintiffs' claims, raises a "substantial question" warranting Supreme Court review. Fed. R. App. P. 41(d)(1). Specifically, this Court's judgment implicates issues of fundamental fairness and due process as it relates to the law of the case doctrine's application to and preclusive effect on non-"bellwether" plaintiffs in consolidated cases.

Multi-plaintiff complaints, such as the complaint at issue herein, and related procedural devices (*e.g.,* master consolidated complaints, bellwether trials, etc.) are often used for judicial efficiency purposes in complex litigation proceedings throughout the country. *See In re Roundup Products Liab. Litig.*, 396 F.Supp.3d 893, 895 (N.D. Cal. 2019) (noting the use multi-plaintiff complaints and the state court judge's subsequent order for severance). But courts, including this court, have

struggled to sort out the due process implications of these procedural devices. *See, e.g., Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 490 (7th Cir. 2020); *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 591 (6th Cir. 2013); *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 415 (2015). Indeed, this Court expressly discussed "the dangers of ambiguity" that can arise in such cases without clear guidance from the trial court about the applicability of its rulings. *Bell,* 982 F.3d at 490.

The foregoing cases primarily dealt with the procedural issues of master consolidated complaints in multi-plaintiff litigation—*i.e.,* where the parties overlay a "master" complaint on top of individual complaints and the court then proceeds to rule on that "master" document. But, as this case demonstrates, almost identical due process concerns arise in the reverse scenario: where plaintiffs initially join in a single, consolidated multi-plaintiff complaint, but then the Court selects a handful of plaintiffs from that complaint to prepare for trial as bellwethers, and then renders rulings on motions expressly limited to those plaintiffs. To what extent can those rulings be applied to the remaining, non-bellwether plaintiffs—who had no opportunity to participate in that motion practice—consistent with due process? And, does the due process

4

analysis change where the contested rulings involve issues of fact as opposed to issues of law or where they turn on strategic judgments made by the bellwether plaintiffs in light of the then-applicable procedural posture of the cases, which has changed by the time the ruling was applied to the remaining plaintiffs? Relatedly, if due process permits such "bellwether" rulings to apply to the non-bellwether plaintiffs, would they likewise necessarily preclude defendants from relitigating issues they had lost against the non-bellwether plaintiffs?

These are all open due process issues with which courts have struggled. As a result, the issues surrounding the law of the case doctrine in Plaintiffs-Appellants' forthcoming writ of certiorari will present a new issue of law that warrants clarification from the United States Supreme Court. Because other courts are likely to encounter the same interplay between pretrial rulings and the applicability of the law of the case doctrine with multi-plaintiff complaints, and a Supreme Court decision may further avoid the "dangers of ambiguity" of consolidated complaints, there is a "reasonable probability that four Justices will vote to grant certiorari." *United States v. Warner*, 507 F.3d 508, 511 (7th Cir. 2007).

## II. Plaintiffs-Appellants Have Good Cause for The Issuance of a Stay.

5

Moreover, there is good cause for a stay of the Court's mandate. Nearly all of the lead-poisoned Plaintiffs-Appellants' claims are extinguished by this Court's judgment. Only three Plaintiffs-Appellants ("Group 4") will be remanded back to the Eastern District of Wisconsin for further deliberation on their cases. Yet the same substantive questions of law on the merits will arise in the Group 3 and Group 4 cases. It would, therefore, make little sense for the district court to resolve these questions solely with regard to the three Group 4 plaintiffs, before a final determination has been made on whether the Group 3 claims may also proceed. Indeed, this would threaten to replicate the precise due process issue that Plaintiffs-Appellants intend to raise in their petition: the district court would be rendering rulings on issues applicable to all plaintiffs without any participation by Group 3. It would be far more sensible, and promote judicial efficiency, to defer issuance of the mandate and further proceedings on the Group 4 claims until after the Supreme Court has ruled on the issues raised by Plaintiffs-Appellants' petition for writ of certiorari.

## CONCLUSION

For the foregoing reasons, this Court should issue a stay of mandate outlined in this Court's February 9, 2024, judgment in *Cannon v. Armstrong Containers Inc.*, 22-2636 (L).

Dated: February 29, 2024                                     Respectfully submitted,

/s/ *Fidelma Fitzpatrick*
Fidelma Fitzpatrick
(*Counsel of Record*)
MOTLEY RICE LLC
40 Westminster St. 5th Floor
Providence, RI 02903
Tel: (401) 457-7728
ffitzpatrick@motleyrice.com

LOUIS M. BOGRAD
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9623
lbograd@motleyrice.com

Mark R. Miller, Esq.
WALLACE MILLER LLP
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
Tel: (312) 261-6193
mrm@wallacemiller.com

Peter G. Earle, Esq.
LAW OFFICES OF PETER EARLE

        839 N. Jefferson Street,
Suite 300
Milwaukee, WI 53202
Tel: (414) 276-1076
peterearle1950@gmail.com

## Certificate of Service

I certify that on February 29, 2024, I electronically filed this Application for a Stay of Mandate Pending Petition for Writ of Certiorari with the Clerk of this Court through the CM/ECF system, which will send notification of this filing to counsel of record for all other parties who are registered CM/ECF users.

*/s/ Fidelma Fitzpatrick*
Fidelma Fitzpatrick, Esq.
